IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

DALE SPENCER,

                                    Plaintiff

               VS.

GLEN INGRAM,

                                    Defendant

NO. 5: 05-CV-324 (CAR)

PROCEEDINGS UNDER 42 U.S.C. §1983
BEFORE THE U. S. MAGISTRATE JUDGE

## ORDER DENYING APPOINTMENT OF COUNSEL

Plaintiff herein has requested this court to provide legal representation for him in the above- captioned proceeding. Tab #12.  Generally speaking, no right to counsel exists in §1983 actions.  *Wahl v. McIver*, 773 F.2d 1169, 1174 (11ᵗʰ Cir. 1985); *Hardwick v. Ault*, 517 F.2d 295, 298 (5ᵗʰ Cir. 1975); *Meckdeci v. Merrell National Laboratories*, 711 F.2d 1510, 1522 n.19 (11ᵗʰ Cir. 1983); it is a privilege that is justified only by exceptional circumstances.  *Lopez v. Reyes*, 692 F.2d 15, 17 (5ᵗʰ Cir. 1982); *Branch v. Cole*, 686 F.2d 264, 266 (5ᵗʰ Cir.1982); *Ulmer v. Chancellor*, 691 F.2d 209 (5ᵗʰ Cir. 1982).

In deciding whether legal counsel should be provided, the court typically considers, among other factors, the merits of the plaintiff's claim and the complexity of the issues presented.  *See Holt v. Ford*, 862 F.2d 850, 853 (11ᵗʰ Cir. 1989).  Applying the standards set forth in *Ulmer*, *supra*, it appears that at the present time, the essential facts and legal doctrines in this case are ascertainable by the plaintiff without the assistance of court-appointed legal counsel and that the existence of exceptional circumstances has not been shown by the plaintiff.  The court on its own motion will consider assisting plaintiff in securing legal counsel <u>if</u> <u>and</u> <u>when</u> it becomes apparent that legal assistance is required in order to avoid prejudice to his rights.

Accordingly, plaintiff's motion for appointment of legal counsel (Tab #12) is **DENIED** at this time.

SO ORDERED, this 22ⁿᵈ day of NOVEMBER, 2005.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE