IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| DALE SPENCER,<br><br>　　　　　　Plaintiff<br><br>　　VS.<br><br>GLENN INGRAM,<br><br>　　　　　　Defendant | NO. 5: 05-CV-324 (CAR)<br><br>PROCEEDINGS UNDER 42 U.S.C. §1983<br>BEFORE THE U. S. MAGISTRATE JUDGE |

### RECOMMENDATION

Defendant GLENN INGRAM has filed a motion which the court is treating as a motion seeking summary judgment against plaintiff herein (Tab #16) and which is supported by a brief, supporting affidavits and documentation (Tab #17). See also Tab #19. Thereafter, the undersigned advised plaintiff of the filing of this motion and of his duty to respond properly thereto; plaintiff was advised that failure to respond could result in a recommendation that summary judgment be granted in the defendant's favor. The plaintiff has submitted an affidavit in response to the court's order (Tab #20).

### LEGAL STANDARD

Rule 56 of the *Federal Rules of Civil Procedure* dealing with motions for summary judgment provides as follows:

> The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.

Summary judgment can only be granted if there are no genuine issues of material fact and if the moving party is entitled to judgment as a matter of law. *Fed.R.Civ.P. 56(c); Warrior Tombigbee Transportation Co. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir. 1983). While the evidence and all factual inferences therefrom must be viewed by the court in the light most favorable to the party opposing the motion, the party opposing the granting of the motion for summary judgment cannot rest on his pleadings to present an issue of fact but must make a response to the motion by filing affidavits, depositions, or otherwise in order to persuade the court that there are material facts present in the case which must be presented to a jury for resolution. *See Van T. Junkins & Assoc. v. U.S. Industries, Inc.*, 736 F.2d 656, 658 (11th Cir. 1984).

Specifically, the party seeking summary judgment bears the initial burden to demonstrate to the court the basis for its motion by identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions which it believes show that there is an absence of any genuine issue of material fact. *Hairston v. The Gainesville Sun Publishing Co.*, 9 F.3d 913 (11th Cir.1998). In determining whether the moving party has met this burden, the court must review the evidence and all factual inferences drawn from this, in the light most favorable to the non-moving party. *Welch v. Celotex Corp.*, 951 F.2d 1235, 1237 (11th Cir. 1992).

If the moving party successfully meets this burden, the burden then shifts to the non-moving party to establish by going beyond the pleadings, that there are genuine issues of material fact to be resolved by a fact-finder. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). Genuine issues are those as to which the evidence is such that a reasonable jury could find for the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).[1]

In order to prevail on an excessive force claim under 42 U.S.C. §1983, a prisoner must allege that he was deprived of his Eighth Amendment right to be free of cruel and unusual punishment. In order for a claim to survive dismissal or judgment:

---

[1] *See also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) (the purpose of summary judgment is to pierce the pleadings and assess the proof in order to see whether there is a genuine need for trial); *Brown v. City of Clewiston*, 848 F.2d 1534, 1543 (11th Cir. 1988) (the question is whether the record as a whole could lead a rational trier of fact to find for the nonmovant).

[C]ourts must determine whether the evidence goes beyond a mere dispute over the reasonableness of a particular use of force or the existence of arguably superior alternatives. Unless it appears that the evidence, viewed in the light most favorable to the plaintiff, will support a reliable inference of wantonness in the infliction of pain ... the case should not go to the jury. *Campbell v. Sikes,* 169 F. 3d 1353, 1375 (11th Cir. 1999), quoting *Whitley v. Albers*, 475 U.S. 312, 322 (emphasis omitted).

## DISCUSSION

This suit alleges that the defendant INGRAM, the police officer who arrested the plaintiff, violated the plaintiff's due process rights when he was arrested and held in custody for 72 hours without a warrant and detained without bond for over three weeks. The only evidence the plaintiff has submitted on his behalf are his pleadings and his affidavit. The defendant has submitted affidavits and records that show that the plaintiff was arrested on August 21, 2005 and that a warrant was issued on the following day, August 22th. On August 23, 2005, Shirley Ingram – the Chief Magistrate of Hancock County (and not a defendant in this case) – denied bond for the plaintiff after a hearing held that day. The plaintiff was granted bond and was released from custody twenty five (25) days later. These facts do not indicate any violation of the United States Constitution or any federal law by the defendant or any other party. Additionally, it appears that the proper procedures were followed pursuant to applicable Georgia laws (O.C.G.A. §§17-4-26 and 17-4-62). Furthermore, defendant Ingram as a police officer had no authority to grant or deny bond to the plaintiff. That authority is vested in a judicial officer. Hence, plaintiff's claim against defendant Ingram has no basis in law or fact.

Accordingly, IT IS RECOMMENDED that the defendant's **MOTION FOR SUMMARY JUDGMENT** (Tab #16) be **GRANTED**. Pursuant to 28 U.S.C. §636(b)(1) the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom the case is assigned **WITHIN TEN (10) DAYS** after being served with a copy thereof.

SO RECOMMENDED, this 19th day of MAY, 2006.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE